# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN FINKBONE, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO. 19-361 |

## **MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                           December 11, 2019

      Brian Finkbone ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Plaintiff has filed a brief in support of his request for review, the Commissioner has responded to it, and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's request for review is denied and judgment is entered in favor of the Commissioner.

## I.    PROCEDURAL HISTORY[1]

      On September 24, 2015, Plaintiff applied for DIB and SSI, alleging disability, because of physical and mental health impairments, since January 1, 2015. R. 10. The claim was denied, initially, and Plaintiff requested a hearing. *Id.* On September 1, 2017, Plaintiff appeared before Jasper J. Bede, Administrative Law Judge ("the ALJ"), for a video hearing;[2] Plaintiff, who was

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

[2] Plaintiff was in Reading and the ALJ was in Elkins Park. R. 10.

represented by an attorney, and vocational expert Patricia Scutt ("the VE") testified at the hearing. R. 64-101. On January 11, 2018, the ALJ, using the sequential evaluation process for disability,[3] issued an unfavorable decision. R. 10-22. The Appeals Council denied Plaintiff's request for review, on December 4, 2018, making the ALJ's findings the final determination of the Commissioner. R. 1-3. The parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II. FACTUAL BACKGROUND

A. <u>Personal History</u>

Plaintiff, born on April 17, 1978, R. 21, was 40 years old when the ALJ rendered his decision. He completed high school, R. 21, and worked as a cashier, assistant manager, kitchen helper, and plastic press molder. R. 74-75. Plaintiff lives with his disabled mother. R. 59.

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

B.  Plaintiff's Testimony

At the September 1, 2017 video hearing, Plaintiff testified about his limitations. R. 41-73. Plaintiff's primary problem is pain and fatigue in his legs caused by diabetes, artery problems and neuropathy. R. 53, 73. Plaintiff also suffers from anxiety and depression. R. 73. Plaintiff takes a great deal of medication for his conditions. R. 54-57. Additionally, his doctor believes Plaintiff suffers from COPD, but his insurance will not cover any medication for that condition. R. 58. Plaintiff was not certain whether some of his symptoms were side-effects from his medications or simply symptoms caused by his poor health. R. 67.

Plaintiff sleeps poorly and does not feel rested when awakening. R. 60-63, 66-67. He typically retires at midnight but often cannot fall asleep for hours. R. 62-63. Because sleep comes unpredictably, some days he awakens at 9:00 or 10:00 in the morning; on other days, he awakens in the afternoon. R. 60, 62. Plaintiff does not intentionally nap, but, once or twice per month, he dozes off unexpectedly. R. 67. When he is awake, Plaintiff spends a good deal of time sitting in a chair with his legs propped up while he watches television. R. 63. While seated, he performs breathing exercises to alleviate his anxiety and depression and stretching exercises for his calves. *Id.*

Plaintiff testified that he could walk approximately two blocks without discomfort and stand for approximately 45 minutes before the neuropathy in his left leg would cause excessive pain. R. 72. He can sit for long stretches of time, so long as his legs are propped up. R. 73.

Plaintiff is able to dress and shower without assistance; however, when donning trousers while standing, he needs to hold onto something for support. R. 68. He can grocery shop (once a week), launder clothes, and wash dishes. R. 62, 68-69. Plaintiff's mother cooks meals for both of them. R. 61.

C. <u>Vocational Testimony</u>

The VE testified that Plaintiff's past cashier job was medium,[4] semi-skilled[5] work, his assistant manager positions were light[6] and medium, skilled[7] jobs (with non-transferrable skills) and his plastic press molder job constituted light, unskilled[8] work. R. 74-75. The ALJ asked the VE to consider a person, limited to sedentary[9] work, and unable to deal with the public or work closely with others as part of a team. R. 76. The VE responded this person could not perform any of Plaintiff's past work, but could perform the following, unskilled jobs: (1) document preparer (174,000 positions nationally); (2) pharmaceutical egg processor (300,000 position nationally); and (3) circuit board layout taper (290,000 positions nationally). R. 76. The VE also stated that, if the person was off-task as much as 20 percent of the time, he could not sustain competitive employment. R. 77. The VE further testified that, for unskilled laborers, employers typically tolerated seven to ten days of absences in the first year of employment. R. 77-78. Finally, the VE testified that the three alternative positions she had identified could be performed, even if the worker had to elevate his leg to knee level, since the jobs were performed in the seated position. R. 78-79.

---

[4] "Medium work involves lifting no more than 50 pounds with frequent lifting or carrying of weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).
[5] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties. . . . A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks." 20 C.F.R. §§ 404.1568(b), 416.968(b).
[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).
[7] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. . . . Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. §§ 404.1568(c), 416.968(c).
[8] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a), 416.968(a).
[9] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools." 20 C.F.R, §§ 404.1567(a), 416.967(a).

## III. THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through June 30, 2018.

2. [Plaintiff] has not engaged in substantial gainful activity since March 16, 2015, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. [Plaintiff] has the following severe impairments: diabetes mellitus type one with peripheral neuropathy, peripheral arterial disease, chronic obstructi[ve] pulmonary disease (20 CFR 404.1520(c) and 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926).

5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.9267(a) except [Plaintiff] would be limited to unskilled work that would not require public interaction or working closely with others.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 415.965).

7. [Plaintiff] was born on April 17, 1978 and was 36 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because [Plaintiff's] past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff]

can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from January 1, 2015, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

R. 13, 15, 20-22.

## IV. DISCUSSION

A. <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). It is more than a mere scintilla of evidence but may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B. <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of

6

demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.   Review of the Administrative Law Judge's Decision

Applying the sequential analysis process, the ALJ determined that, although Plaintiff could not perform his past relevant work, he could perform other, sedentary, unskilled work that exists in the national economy; hence, Plaintiff was not disabled. R. 10-22. Plaintiff challenges the ALJ's decision and argues that: (1) the ALJ's assessment of his residual functional capacity ("RFC") was flawed, because the ALJ failed to identify medical sources to support each component of his RFC determination; and (2) the ALJ failed to evaluate Plaintiff's symptoms

7

properly. Pl. Br. at 5-9. The Commissioner denies Plaintiff's assertions. Resp. at 5-13. This court finds that the ALJ was not required to identify medical sources to support each component of his RFC determination and he did not commit reversible legal error when evaluating Plaintiff's symptoms.

        1.      <u>The ALJ Properly Evaluated Plaintiff's RFC</u>

Plaintiff argues that the ALJ did not have the authority to evaluate the components of Plaintiff's RFC on his own; instead, Plaintiff maintains that the ALJ was required to identify a medical source to support each of his RFC findings. Pl. Br. at 5-6. Plaintiff's argument is belied by Third Circuit precedent. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 362 (3d Cir. 2011). Indeed, the Third Circuit has explicitly rejected the notions that an ALJ (a) may not evaluate medical evidence on his own and (b) make RFC determinations without outside medical support for each of his specific RFC findings. *Id.* Hence, the ALJ acted properly, since evaluating Plaintiff's RFC was exclusively within his purview. *See* 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c).

        2.      <u>The ALJ Properly Evaluated Plaintiff's Symptoms</u>

Plaintiff argues that the ALJ committed reversible legal error by rejecting several of Plaintiff's allegations concerning his symptoms, because they were "not entirely consistent with the medical evidence and other evidence in the record." Pl. Br. at 6 (quoting R. 17). Citing Seventh Circuit authority, Plaintiff initially asserts that the ALJ applied the wrong legal standard and, instead, the ALJ should have decided whether Plaintiff's allegations concerning his symptoms were supported by a preponderance of the evidence. *Id.* Plaintiff also asserts that the ALJ made other errors when evaluating the evidence. *Id.* at 7-9.

Plaintiff's first argument fails because, it ignores the standard of review this court must

8

apply when reviewing the ALJ's fact-findings. The ALJ is required to review the relevant evidence and, if there is substantial evidence to sustain his factual determinations, this court accepts his fact-findings. *See Poulos*, 474 F.3d at 91 Substantial evidence is less than a preponderance. *See Fargnoli*, 247 F.3d at 38. Plaintiff also suggests that the ALJ violated Social Security Ruling ("SSR") 16-3p when evaluating his symptoms. *See* Pl. Br. at 7. However, this is incorrect. The ALJ cited SSR. 16-3p in his decision, R. 16, and applied it by reviewing the medical evidence and other evidence in the record, when evaluating Plaintiff's symptoms. R. 16-20. This is precisely what SSR 16-3p requires. *See* SSR 16-3p, 2016 WL 1119029, at *4-*7.

Next, Plaintiff complains that the ALJ should not have noted that, in May 2016, Plaintiff was able to walk one mile without stopping. Pl. Br. at 7. However, the ALJ also noted that, in January and May 2017, Plaintiff informed his treating sources that he was unable to walk that distance. R. 18. Acknowledging all of this evidence when evaluating Plaintiff's symptoms was the ALJ's duty. *See* SSR 16-3p, 2016 WL 1119029, at *5.

Plaintiff also complains that the ALJ noted that he continued to smoke. Pl. Br. at 8 (citing R. 18). However, the ALJ noted Plaintiff's continued smoking (at R. 19, not R. 18, as Plaintiff asserts) in the course of explaining why Plaintiff was limited to sedentary work. R. 19. Since sedentary work is the lowest level of exertion and Plaintiff's past relevant work was medium or light, R. 74-75, Plaintiff's disability claim was not harmed in any way by the ALJ noting that he still smoked and, thereafter, lowering the exertion level of acceptable jobs for him.

Additionally, Plaintiff complains that the ALJ failed to consider his allegations of difficulty concentrating and problems sitting, walking and lifting. Pl. Br. at 8. Plaintiff's complaint is belied by the record; the ALJ explicitly mentioned these allegations – along with Plaintiff's alleged difficulty squatting, reaching, bending, kneeling and climbing stairs – in his decision. R. 16.

Further, the ALJ accommodated Plaintiff's symptoms – to the extent he found them consistent with other evidence in the record – by finding that Plaintiff's RFC allowed him to perform only unskilled, sedentary work.[10] R. 20.

Finally, Plaintiff complains that the ALJ failed to consider properly Plaintiff's prior statements about what daily activities he could perform. Pl. Br. at 8-9. Again, this complaint is belied by the record, because the ALJ specifically noted that Plaintiff had alleged difficulty dressing and showering, being limited to preparing simple meals – because he could not stand for a long period of time – being unable to perform yard work, and having difficulty lifting, squatting, bending, reaching, walking, sitting, kneeling, and climbing stairs. R. 16. Moreover, the ALJ summarized Plaintiff's testimony about his limitations, in which Plaintiff acknowledged that he could sit without difficulty, so long as his feet were propped up. R. 16. The ALJ considered all of this evidence, as well as the medical evidence, to determine Plaintiff's RFC. *See* R. 17-20. This is what the ALJ was required to do by SSR 16-3p. *See* SSR 16-3p, 2016 WL 1119029, at *4-*7. Hence, there is simply no basis to find that the ALJ committed reversible error.

## V. CONCLUSION

Review of the relevant law and the record indicate that Plaintiff's assertions of error lack merit. Accordingly, his Request for Review is denied. An implementing Order and Order of Judgment follow.

---

[10] In addition, when determining whether Plaintiff met a mental impairment listing, the ALJ found that Plaintiff's ability to concentrate was only mildly limited. R. 14.